# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

HERBERT RUSSELL SMITH        CIVIL ACTION NO. 16-1092-P

VERSUS                       JUDGE HICKS

DR. BELL, ET AL.             MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Herbert Russell Smith ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on July 25, 2016.  Plaintiff is incarcerated at the Claiborne Parish Correctional Center in Homer, Louisiana, and he complains that his civil rights were violated.  He names the David Raines Community Health Center, Dr. Bell, Dr. Puckett, and David Raines as defendants.

Plaintiff claims that on April 21, 2016, he was transported to the David Raines Community Health Center for dental work.  He claims he was x-rayed.  He claims Dr. Bell gave him two shots to numb his mouth and then left the room.  He claims that when Dr. Bell returned, she poked around his tooth.  He claims Dr. Bell gave him two more shots because the area was still not numb.

Plaintiff claims that 15 minutes later, his mouth was numb and the procedure began. He claims Dr. Bell pulled on his tooth for an hour and a half without extracting it. He claims the procedure was paused because of his jaw pain. He claims Dr. Bell gave him two more shots.

Plaintiff claims dental assistant Veronica James brought him a basket of chocolate because she felt sorry for him. He claims he was unable to eat. He claims Dr. Bell then began extracting his tooth again. He claims Dr. Bell tried to grind his tooth and used a scalpel to cut his gums. He claims Dr. Bell tried for another hour to extract his tooth. He claims Dr. Bell then gave him two more shots and left to work on another patient.

Plaintiff claims that when Dr. Bell returned, she gave him two more shots because he was in severe pain. He claims Dr. Bell then used a drill. He claims that when the drill did not work, Dr. Bell used the scalpel and pulled at his tooth. He claims he began shaking because of pain. He claims Dr. Bell then stopped.

Plaintiff claims that when Dr. Bell returned, she was with Dr. Puckett and gave him more shots. He claims Dr. Puckett then grabbed a pair of plyers and began pulling at his tooth. He claims Dr. Puckett then gave him more shots and cut his gum. He claims that she then used the plyers again for 15 to 30 minutes. Plaintiff claims the plyers slipped off his tooth and stabbed him in his throat. He claims he then told Dr. Bell and Dr. Puckett that he could not take it any more. He claims his body was in shock.

Plaintiff claims he was given more shots and x-rayed again. He claims Veronica James told him that she would call the Warden and Louisiana State University Medical

Center to set up an appointment for the next day.  Plaintiff said Dr. Bell then stitched his gum and apologized for not having an oral surgeon and the proper tools to pull his wisdom tooth.  He claims Dr. Bell then gave him more shots to ease his pain.

Plaintiff claims that after his six and a half hour operation and 36 shots, he could barely talk.  He claims he still has a hole in his mouth and clicking in his jaw.

As relief, Plaintiff seeks monetary compensation.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate dental care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate dental care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment.  Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).

Page 3 of  6

Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Plaintiff alleges he is the victim of malpractice.  Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with deliberate indifference. Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).

Plaintiff alleges that the Defendants were not oral surgeons and did not have the proper tools to extract his wisdom tooth.  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).   Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the  time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 29th day of November, 2016.

Mark L. Hornsby
U.S. Magistrate Judge